## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VINCENT OLMO**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BLANK ROME LLP,**<br><br>Defendant. | Case No. 2:26-cv-04719-JFM |

## RESPONSE TO SHOW CAUSE ORDER

Plaintiff Vincent Olmo, individually and on behalf of all others similarly situated, hereby responds to the Court's Order to show cause (ECF No. 5); (ECF No. 11).

### I.     INTRODUCTION

Plaintiff filed this lawsuit on behalf of himself and a nationwide class of persons whose highly sensitive personally identifiable information ("PII")[1] and protected health information ("PHI") was sent by an employee of Blank Rome LLP ("Blank Rome" or "Defendant") to unauthorized cybercriminals (the "Data Breach"). According to Blank Rome, approximately 57,000 individuals' Private Information was implicated in the Data Breach – including 168 Indiana residents. (ECF No. 6, ¶ 5). Upon investigation of counsel, Defendant does not have any partners or members who are citizens of Indiana. *Id.* ¶ 21.

---

[1] Personally identifiable information generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual.

Since at least one putative class member is a citizen of a state that is diverse from the Defendant, Plaintiffs have pled minimal diversity.

## II.    LEGAL STANDARD

The Class Action Fairness Act ("CAFA") provides:

> **(2)** The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> **(A)** any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> **(B)** any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> **(C)** any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1322(d). A natural person is deemed to be a citizen of the state where she is domiciled. *See Gilbert v. David,* 235 U.S. 561, 569 (1915). A partnership's citizenship is based on the citizenship of each of its members. *Swinger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). "Further, in the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." *Id.* at 183.

## III.    ARGUMENT AND AUTHORITY

To establish minimal diversity under 28 U.S.C. § 1322(d), only one member of the purported class needs to be a citizen of a State different from any defendant. In the Third Circuit, a plaintiff may plead diversity jurisdiction without making affirmative allegations of citizenship. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015). "[R]ather than affirmatively alleging the citizenship of a defendant, a plaintiff may allege that the defendant is

*not* a citizen of the plaintiff's state of citizenship." *Id.* (Emphasis in original). The Third Circuit

explained:

> Permitting this sort of negative allegation makes good sense. The fact that the plaintiff and defendant do not share a state of citizenship usually establishes diversity. Consequently, it serves little purpose to require the plaintiff to allege the defendant's precise state of citizenship, especially when this would entail a difficult factual investigation prior to filing.
>
> We see no reason why *Lewis* should not apply in the context of unincorporated associations. A State X plaintiff may therefore survive a facial challenge by alleging that none of the defendant association's members are citizens of State X. Significantly, however, the plaintiff is permitted to make such an allegation even if it is not certain of the association's membership. In order to satisfy its obligations under Rule 11, a party must conduct a reasonable inquiry into the facts alleged in its pleadings. Thus, before alleging that none of an unincorporated association's members are citizens of a particular state, a plaintiff should consult the sources at its disposal, including court filings and other public records. If, after this inquiry, the plaintiff has no reason to believe that any of the association's members share its state of citizenship, it may allege complete diversity in good faith. The unincorporated association, which is in the best position to ascertain its own membership, may then mount a factual challenge by identifying any member who destroys diversity.

*Id.* at 107–08. That is what Plaintiff has done here. In his amended complaint, Plaintiff states:

> Upon information, belief, and investigation of Plaintiff's counsel, Defendant has no offices in Indiana and does not have any partners or members who are citizens of Indiana. Defendant reported to the Indiana Attorney General that at least 168 Indiana residents were impacted by the Data Breach. These Indiana residents fall into Plaintiff's proposed Class, as alleged herein. Since Defendant has reported that at least 168 Class Members are citizens of a state that is diverse from Defendant (and all of its partners/members), minimal diversity under 28 U.S.C. § 1332(d) has been satisfied.

(ECF No. 6, ¶ 21).

While Defendant is a nationwide law firm, it does not have offices and equity partners in

every state. In reviewing Defendant's website and other publicly available information, Defendant

does <u>not</u> have any partners in Indiana. *Id.* On the other hand, Defendant has announced that at least 168 Indiana residents were impacted by the Data Breach. *Id.*

Plaintiff Olmo has properly pled minimal diversity. The putative class consists of well over 100 individuals (*id.* ¶ 20), at least one member of the putative class is a citizen of a state that is diverse from the Defendant (*id.* ¶ 21), and the aggregate damages of the claims of the class exceeds $5,000,000 (*id.* ¶ 20).

## IV.    CONCLUSION

Plaintiff Olmo has properly pled minimal diversity to meet the requirements of CAFA. As such, the Complaint should not be dismissed for lack of subject matter jurisdiction, and the case should be allowed to move forward towards consolidation of the related actions and an answer by the Defendant.

Dated:  July 15, 2026

Respectfully submitted,

*/s/ Kenneth J. Grunfeld*
Kenneth J. Grunfeld (PA ID# 84121)
**KOPELOWITZ OSTROW P.A.**
65 Overhill Road
Bala Cynwyd, PA 19004
Telephone: (215) 967-8799
grunfeld@kolawyers.com

William B. Federman*
Jessica A. Wilkes*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com
jaw@federmanlaw.com

*Counsel for Plaintiff and the Putative Class*

*\* Pro Hac Vice*

4